IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Deborah Ann Keller, | ) | Case No.: 5:19-03233-JD |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| Andrew Saul, Commissioner of Social Security, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This social security matter is before the Court with the Report and Recommendation of United States Magistrate Judge Kaymani D. West ("Report and Recommendation") pursuant to Local Civil Rule 83.VII.02 (D.S.C.). The plaintiff, Deborah Ann Keller, brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of a final decision of the Defendant Commissioner of Social Security ("Commissioner"), denying her claims for Disability Insurance Benefits ("DIB"). The Magistrate Judge issued her Report and Recommendation on October 18, 2020, recommending that the Commissioner's decision be affirmed. (DE 18.)

On October 22, 2020, Keller filed objections to the Report and Recommendation. (DE 20.) Thereafter, on October 27, 2020, the Commissioner filed a response to Keller's objections. (DE 23.) Having carefully considered the parties' submissions and the applicable law, the Court adopts the Report and Recommendation and affirms the Commissioner.

## <u>BACKGROUND</u>

The Report and Recommendation sets forth the relevant facts and legal standards, which this Court incorporates herein without a full recitation. (DE 18.) However, as a brief background, Keller was born in 1969 and was forty-seven years old on her alleged onset date. She completed

high school and has past relevant work experience as a goods processor and sales representative. (DE 18, p. 2.)  Keller alleged disability due to joint pain, knee replacement needed, vision problems, bone pain, and all over body pain. (DE 18, p.2.)

Keller applied for DIB, alleging disability beginning July 27, 2016.  A hearing was held on June 28, 2018, and the ALJ heard testimony from Keller and her vocational expert Mr. William Eugene Villa ("Villa").   The ALJ issued a decision on October 9, 2018, finding that Keller was not disabled from the alleged onset date December 13, 2016, through the date of decision.  (DE 18, p. 10.)  Moreover, the ALJ found that Keller had not engaged in substantial gainful activity since December 13, 2016.  (DE 18, p. 9.)  However, the ALJ determined that Keller's bilateral knee degenerative joint disease, aseptic necrosis of the bilateral hips, Raynaud's syndrome, obesity, depression, anxiety and personality disorder were severe impairments. (DE 18, p. 9.) Nevertheless, the ALJ found that Keller did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (the "Listings").  (DE 18, p. 9.)  The ALJ further found that Keller retained the residual functional capacity to:

> Perform sedentary work as defined in 20 CFR 416.967(b) except she can occasionally operate foot controls with her bilateral feet and occasionally balance, stoop, kneel, crouch, and crawl.  She can occasionally climb ramps and stairs, but never climb ladders, ropes, or scaffolds.  She should never be expos[ed] to hazards such as unprotected heights and dangerous machinery, but can have occasional exposure to extremes of heat and cold.  The claimant is further limited to simple, routine tasks, but is able to maintain concentration, persistence, and pace for periods of two hours, perform activities with a schedule, maintain regular attendance, and complete a normal workday and work week.  She can occasionally interact with the general public.

(DE 18, p. 9.)  Although the ALJ found that Keller was unable to perform any past relevant work, the ALJ found that Keller's age, education, work experience, and residual functional capacity afforded her the opportunity to perform jobs that existed in significant numbers in the national

economy.  (DE 18, p. 9.)  Therefore, Keller was not disabled from December 13, 2016, through the date of the decision.  The Appeals Council denied Keller's request for review on September 13, 2019, thereby making the decision of the ALJ the final action of the Commissioner.  (DE 18, p. 1.)  The Report and Recommendation supports this finding.  (DE 18, p. 27.)

Keller challenges the Report and Recommendation ostensibly citing five objections.[1]  First, the Report and Recommendation failed to provide clarification of how the ALJ considered the consistency and supportability of Dr. Adam Bruckner and Dr. Richard Field's opinions as treating physicians as required by 20 C.F.R. §416.927(c).  (DE 20, p. 2.)  Second, the Report and Recommendation failed to address or explain whether the ALJ properly weighed the opinion evidence in order to form his RFC.  (DE 20, p. 2.)  Third, the Report and Recommendation failed to explain why the ALJ accepted some of the opinions of Drs. Bruckner and Field and included them in the RFC but discounted their opinions that Keller was unable to sit for six hours in an 8-hour workday.  (DE 20, p. 3.)  Fourth, the Report and Recommendation failed to recognize that the ALJ's oversight of the eventual need for surgery affected the ALJ's analysis of the consistency of Keller's reports with the evidence.  (DE 20, p. 4.)  Fifth, the ALJ failed to consider Dr. Field's finding that Keller had many of the usual fibromyalgia tender points in assessing Keller's credibility, which leaves the credibility analysis without a proper explanation.  (DE 20, p. 4-5.)

## <u>LEGAL STANDARD</u>

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  <u>Mathews v. Weber</u>, 423 U.S. 261 (1976).  The Court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection

---

[1]    A party may object to the report of the magistrate judge, and the district court reviews de novo only those portions of the report where a party has raised specific objections.  <u>See</u> 28 U.S.C. § 636(b)(1).

has been made, and may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(l). However, de novo review is unnecessary when a party makes general and conclusory objections without directing a court's attention to a specific error in the Magistrate Judge's proposed findings. Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a specific objection, the court reviews the report and recommendation only for clear error. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (citation omitted); see also Tyler v. Wates, 84 F. App'x 289, 290 (4th Cir. 2003) ("A general objection to the entirety of the magistrate judge's report is tantamount to a failure to object.").

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 205(g) of the Act provides, "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ."[2] 42 U.S.C. § 405(g). The court must uphold the Commissioner's decision as long as it was supported by substantial evidence and reached through the application of the correct legal standard. Johnson v. Barnhart, 434 F.3d 650 (4th Cir. 2005). This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner. Vitek v. Finch, 438 F.2d 1157 (4th Cir. 1971). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." Flack v. Cohen, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the

---

[2]     "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." Thomas v. Celebrezze, 331 F.2d 541, 543 (4th Cir. 1964). "It means—and means only—"such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Biestek v. Berryhill, 139 S. Ct. 1148, 1154, 203 L. Ed. 2d 504 (2019).

[Commissioner's] findings, and that his conclusion is rational." Vitek, 438 F.2d at 1157-58. However, the court does not "reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ." Johnson, 434 F.3d at 653. "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." Id.

## DISCUSSION

First, Keller contends that the Report and Recommendation failed to provide clarification of how the ALJ considered the consistency and supportability of Dr. Adam Bruckner and Dr. Richard Field's opinions as treating physician as required by 20 C.F.R. §416.927(c). (DE 20, p. 2.) The Code of Federal Regulations provides that "[u]nless we give a treating source's medical opinion controlling weight under paragraph (c)(2) of this section, we consider all of the following factors in deciding the weight we give to any medical opinion." 20 C.F.R. § 416.927(c). "Generally, the more consistent a medical opinion is with the record as a whole, the more weight we will give to that medical opinion." Id. at (c)(4). Here, the ALJ did not choose to give Keller's treating physicians' opinions controlling weight. The Report and Recommendation noted "'[t]he opinions of a treating physician are not entitled to great weight where they are contradicted by the physician's own treatment notes, or by other evidence.' Nor will an ALJ 'give any special significance to the source of an opinion on issues reserved to the Commissioner,' including the residual functional capacity." Bryant v. Colvin, No. 8:14-CV-02087-TLW, 2015 WL 5783813, at *2 (D.S.C. Sept. 28, 2015). However, the Report and Recommendation considered extensively the medical evidence from Dr. Bruckner, Plaintiff's primary care physician, and Dr. Field, Plaintiff's rheumatologist. (DE 18, p. 13-24.) Here, it is clear from the record that the ALJ considered consistencies in the doctors' opinions but found that some of their opinions were not

well supported by, and/or were inconsistent with, "diagnostic and objective findings of record." (DE 18, p. 22.)  Specifically, "the diagnostic and objective findings of record do not support greater restrictions, especially not the need for absences or an off task allowance, as noted by Dr. Bruckner."  (DE 18, p. 22.)   Therefore, because of the contrary evidence in the record, the ALJ properly gave less weight to the opinions of Dr. Field and Dr. Bruckner.

Secondly, Keller asserts that the Report and Recommendation failed to address or explain whether the ALJ properly weighed the opinion evidence in order to form his RFC.  (DE 20, p. 2.) However, this assertion mischaracterizes the ALJ's findings.  The ALJ assigned the opinions at issue partial weight because aspects of those opinions were not well supported by and/or were inconsistent with "the diagnostic and objective findings of record[,]" and therefore, "greater RFC restrictions were not required." (DE 18, p. 22.)  Pursuant to the controlling regulations, 20 C.F.R. § 416.927(c)(2)-(4), this was a permissible basis to assign partial weight to the opinions at issue as well.  Therefore, the ALJ did not err.

Thirdly, Keller argues that the Report and Recommendation failed to explain why the ALJ accepted some of the opinions of Drs. Bruckner and Field and included them in the RFC but discounted their opinion that Keller was unable to sit for six hours in an 8-hour workday.  (DE 20, p. 3.)  Reading the ALJ's decision and the record as a whole, the Report and Recommendation discussed substantial evidence supporting the ALJ's decision that Plaintiff could sit for the requisite duration to perform sedentary work (and would not need a sit/stand option).[3]  (DE 18, pp.

---

[3]     Despite alleging disability starting in December 2016, Plaintiff participated in physical therapy in January 2017 where she rated her pain at 5/10 at its worst, with prolonged walking (not sitting).  Further, in August 2017, Plaintiff only had mild crepitation, and she only reported mild pain in March 2018. (DE 18, pp. 18-23.)  Accordingly, an individual is not required to be pain-free or experience no discomfort in order to be found not disabled.  See Hays v. Sullivan, 907 F.2d 1453, 1458 (4th Cir. 1990) (finding evidence indicating that claimant was experiencing some amount of pain that was not alleviated by noninvasive treatment or physical therapy and that claimant refused to undergo corrective back surgery is insufficient evidence to establish a disability).

13-23.) In particular, the Report and Recommendation found that "Plaintiff had an RFC to perform sedentary work. Tr. 142-153. There, the ALJ also reasoned that the medical evidence is not consistent with the severity of the symptoms alleged." (DE 18, p. 21.) This finding was supported by the opinions of the state agency physicians and explained in the record. Therefore, the opinions constitute substantial evidence in support of the ALJ's decision.

Fourth, Keller objects to the Report and Recommendation because it failed to recognize that the ALJ's oversight of the eventual need for surgery affected its analysis of the consistency of Keller's reports with the evidence. (DE 20, p. 4.) Keller asserts that ". . . as noted by the Magistrate Judge, surgery was not recommended immediately because of her age, not because her knee problems were not severe enough to warrant surgery." (DE 20, p. 4). The Report and Recommendation found that the ALJ considered,

> Plaintiff's allegations in her Disability Report, Function Report, and hearing testimony the ALJ determined that: . . . As for the claimant's statements about the intensity, persistence, and limiting effects of her symptoms, they are inconsistent with the overall medical record. . . . Moreover, she reported needing total knee replacements, yet there is no notation of his recommendation in the file. Further, examinations do not note use of a cane or any assistive device by the claimant despite her testimony of a need for a cane to ambulate. The undersigned, therefore, finds the claimant's testimony unpersuasive when compared to the clinical findings in the record.

(DE 18, p. 25.)

The ALJ considered Keller's symptomology and weighed it in light of her testimony, medical records, and other evidence in the record. The court does not "reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ." Johnson, 434 F.3d at 653. "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." Id.

Lastly, Keller's fifth objection questions whether the ALJ failed to consider Dr. Field's finding that Keller had many of the usual fibromyalgia tender points in assessing Keller's

credibility which leaves the credibility analysis without a proper explanation. (DE 20, p. 4-5.) Keller argues although she has not received a fibromyalgia diagnosis, Dr. Field documented Keller's pain, and therefore, there is evidence that is consistent with her reports of pain. An ALJ must only accord a treating physician's medical opinion controlling weight if a treating source's medical opinion is "well-supported and not inconsistent with the other substantial evidence in the case record." SSR 96-2; see also 20 CFR § 416.927(c)(2). Here, it is clear from the record that the ALJ considered consistencies in the doctors' opinions but found that some of their opinions were not well supported by, and/or were inconsistent with, "diagnostic and objective findings of record." (DE 18, p. 22.) In particular, the Report and Recommendation found:

> As for the claimant's statements about the intensity, persistence, and limiting effects of her symptoms, they are inconsistent with the overall medical record. The claimant testified to spending all day on the couch because her body aches and to wearing depends on days her arthritis is so bad because she urinated on herself and to hearing voices and seeing visions due to her mental health conditions, yet she failed to report any such physical or mental symptoms to her medical providers. The failure to report such significant deficits in functioning to medical providers does not support the persuasiveness of the claimant's testimony.

(DE 18, 25.)

Again, Plaintiff's argument fails to consider the relevant substantial evidence standard—"look[ing] to [the] existing administrative record and ask[ing] whether it contains [substantial evidence] to support the [ALJ's] factual determinations." Biestek v. Berryhill, 139 S.Ct. 1148, 1154 (2019). In this case it does.

## CONCLUSION

For the foregoing reasons, the Court adopts the Report and Recommendation and affirms the Commissioner.

**AND IT IS SO ORDERED.**

Joseph Dawson, III
United States District Judge

March 31, 2021
Greenville, South Carolina